IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| JANET BRADLEY, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00071-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jennie Bradley, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for supplemental security income ("SSI") benefits under Title XVI of the Act. After careful consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

**I.      BACKGROUND**

On December 10, 2010, Ms. Bradley protectively filed for DIB and SSI benefits due to heart problems and back problems. (Tr. 133) On March 5, 2012, she filed for SSI. (Tr. 13) Ms. Bradley's claims were denied initially and upon reconsideration. At Ms. Bradley's request, an Administrative Law Judge ("ALJ") held a hearing on August 31, 2012, where Ms. Bradley appeared with her lawyer. At the hearing, the ALJ heard testimony from Ms. Bradley and a vocational expert ("VE"). (Tr. 41-58)

The ALJ issued a decision on November 26, 2012, finding that Ms. Bradley was not disabled under the Act. (Tr. 13-23) The Appeals Council denied Ms. Bradley's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

1

Ms. Bradley, who was forty-seven years old at the time of the hearing, completed three semesters of college. (Tr. 45) She has past relevant work as a school cook/helper, quality control supervisor at a Frito-Lay factory, and small products assembler. (Tr. 55-56)

## II. DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Bradley had not engaged in substantial gainful activity since September 30, 2010, and she had the following severe impairments: heart disease, lumbar osteoarthritis with associated back pain, obesity, and adjustment disorder with depression. (Tr. 15) However, the ALJ found that Ms. Bradley did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 30)

According to the ALJ, Ms. Bradley has the residual functional capacity ("RFC") to do sedentary work, except only occasional stooping, crouching, crawling, and kneeling. She is limited to work where interpersonal contact is incidental to the work performed; complexity of tasks can be learned by demonstration and repetition within thirty days with few variables and little judgment; and supervision required is simple direct and concrete. (Tr. 17) The VE testified that the jobs available with these limitations were compact assembler and small parts monitor. (Tr. 57)

After considering the VE's testimony, the ALJ determined that Ms. Bradley could perform a significant number of jobs existing in the national economy, and found that Ms. Bradley was not

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

disabled.

## III.   ANALYSIS

### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

### B.   Ms. Bradley's Arguments for Reversal

Ms. Bradley asserts that the Commissioner's decision should be reversed because it is not support by substantial evidence.  Specifically, Ms. Bradley contends that the ALJ erred by (1) not considering her impairments in combination; and (2) in his credibility assessment.  (Doc. No. 11)

#### 1.   Impairments in Combination

Ms. Bradley argues the ALJ failed to consider that "both Congress and the Eighth Circuit require that Bradley's impairments be considered in combination rather than in isolation."  (*Id.*)

Contrary to Ms. Bradley's cursory statement, the ALJ's opined, "The claimant does not have an impairment or <u>combination of impairments</u> that meets or medically equals the severity of one of

---

[3] *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4] *Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5] *Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

3

the listed impairments" in the code.[6]  (Tr. 30, emphasis added)

### 2. Credibility Assessment

Ms. Bradley asserts the ALJ erred in his credibility assessment when determining her residual functional capacity.  She raises a somewhat persuasive point regarding her different ejection fraction readings.  In January 2011 Ms. Bradley had an ejection fraction of 30% (Tr. 355), but in March 2011, a different doctor found that Ms. Bradley's ejection fraction was 53%. (Tr. 391).  During a follow-up with her treating physician, she asked why there was such a change.  Her doctor advised her that there can be "differences in interpretation" and suggested the records be compared. (Tr. 404.)  While a close call on this point, the Court is unable to conclude that the ALJ committed error.  He considered the various medical evidence and his conclusion that Plaintiff's condition improved is supported by the objective medical evidence.

The ALJ's credibility analysis was proper.  He made express credibility findings and gave multiple valid reasons for discrediting Plaintiff's subjective complaints.[7]  His credibility findings are entitled to deference as long as they are supported by good reasons and substantial evidence.[8]

The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of her limitations.[9]  Plaintiff is reminded it was her burden, and not the Social

---

[6]*Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005) (finding that the ALJ considered the impairments in combination when he listed the impairments and then stated that he considered them "individually and in combination.").

[7]*E.g., Shelton v. Chater*, 87 F.3d 992, 995 (8th Cir. 1996); *Reynolds v. Chater*, 82 F.3d 254, 258 (8th Cir. 1996);  *Hall v. Chater*, 62 F.3d 220, 224 (8th Cir. 1995).

[8]*Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003).

[9]*Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *McGeorge v. Barnhart*, 321 F.3d 766, 768 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001).

Security Commissioner's burden, to prove her residual functional capacity.[10] The ALJ's residual functional capacity determination is supported by substantial evidence.

The Court is not unsympathetic to Plaintiff's claims. She clearly suffers from some degree of pain and limitation. But it is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[11]

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[12] The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the Commissioner's decision and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 11th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[10]*Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); *Masterson v. Barnhart*, 383 F.3d 731, 737 (8th Cir. 2004); *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003); *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Young v. Apfel*, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995).

[11]*E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[12]*Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).